# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8006 | **DATE** | 10/5/2010 |
| **CASE TITLE** | McGee vs. Ramos et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion to dismiss Plaintiff's Amended Complaint. The Court refers this matter to Magistrate Judge Susan E. Cox for the purpose of exploring whether this case may be an appropriate candidate for the court's Settlement Assistance Program for Pro Se Litigants.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

     Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he is undergoing chemotherapy to combat his leukemia, and that Defendants have repeatedly refused to honor doctors' medical permits allowing him daily showers to alleviate the severe side effects he is experiencing from the treatments. This matter is before the Court for ruling on Defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the Court denies Defendants' motion. Moreover, the Court refers this matter to Magistrate Judge Susan E. Cox for the purpose of exploring whether this case may be an appropriate candidate for the court's Settlement Assistance Program for Pro Se Litigants.

Continued...

Courtroom Deputy Initials: KF

## LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*, 550 U.S. at 555. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## BACKGROUND

Plaintiff, Thomas McGee, is a state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. Defendants Frank Shaw and Anthony Ramos are former Stateville wardens. Defendant Bernadine Kerl (sued as Karl) is a superintendent at Stateville.

Plaintiff alleges the following facts, which will be accepted as true for purposes of this motion. Plaintiff weighs 320 pounds and suffers from high blood pressure, as well as leukemia, a cancer of the blood. Plaintiff is undergoing chemotherapy to combat the disease. As part of Plaintiff's after-care treatment, his physician has ordered showers seven days a week and ice three times a day. According to Plaintiff, the showers and ice facilitate his recovery from the chemotherapy.

Furthermore, Plaintiff alleges that simply because escorting inmates to and from showers causes extra work for the prison staff, correctional officers often fail to honor the medical shower permits. Defendant Karl refused to allow Plaintiff to shower on February 14, 2009, specifically informing him that she "doesn't honor medical shower permits ... period."

On an unspecified date, Defendant Ramos ordered Karl to review medical permits to ensure that everyone who was prescribed medical showers actually needed them. Karl was assigned this task even though she has no medical background, and even though she had already indicated that she did not believe that medical showers were ever necessary. Karl determined that Plaintiff's medical showers should be discontinued, and Ramos approved her decision.

Plaintiff filed a grievance regarding the denial of ice and medical showers and also wrote several letters to

Warden Shaw. Plaintiff notified Shaw that on at least six occasions (February 4, 2009, February 14, 2009, February 15, 2009, February 23, 2009, February 27, 2009, and March 11, 2009), he had gone without showers and/or ice. In response to Plaintiff's grievance, Shaw wrote, "When a medical permit for a shower is presented, it should be honored when at all possible."

On September 15, 2009, Plaintiff wrote a letter to Defendant Ramos reporting that although he had prevailed in principle on his grievance, he was still being denied medical showers and ice. Plaintiff also filed a second grievance on September 21, 2009. More letters to Ramos followed. In response to the second grievance, Plaintiff's counselor informed him that medical showers were currently under review and that "the only medical showers that are being given [at that time were] for dialysis patients."

On October 14, 2009, the Administrative Review Board handed down a final decision on Plaintiff's grievance. The ARB directed, "Warden Ramos is to remind staff when a medical permit for a shower is presented, a reasonable form of accommodation should be made to the offender, if security concerns allow." Even after the ARB rendered its decision, however, Defendants Shaw and Ramos failed to take any action to remedy the problems Plaintiff was experiencing.

Particularly because Plaintiff is so overweight, he suffers from hot flashes when he does not get his showers or ice. On occasion, he has lost consciousness from being overheated; he also fears a stroke or heart attack. Plaintiff indicates that he suffers unnecessarily when he goes without the showers and ice treatments. [It is unclear whether the problem persists to this day – Plaintiff has sued only former wardens at Stateville, and not the current chief administrative officer.]

## ANALYSIS

Accepting Plaintiff's factual allegations as true, the Court finds that the amended complaint states an actionable claim against Defendants. Plaintiff has articulated a *prima facie* case of deliberate indifference to a serious medical need.

It is well settled that prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 65253 (7th Cir. 2005), *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005).

To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a " 'sufficiently culpable state of mind.' " *Farmer*, 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Greeno*, 414 F.3d at 653, *quoting Farmer*, 511 U.S. at 837. This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. *Walker*, 293 F.3d at 1037. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Id.* Additionally, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

The Court will assume at this stage of the proceedings that Plaintiff's medically prescribed showers and ice

packs constitute a serious medical need. Defendants concede that leukemia is a serious medical condition. *See also Fredricksen v. United Parcel Service*, 581 F.3d 516, 521 (7th Cir. 2009) (noting, in dicta, that leukemia is "undoubtedly a serious medical condition," though not necessarily a disability for purposes of the Americans with Disabilities Act). As stated above, a medical condition "that has been diagnosed by a physician as mandating treatment" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007) (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), *citing Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

In the case at bar, Plaintiff maintains that the showers and ice packs aid in healing, relieve discomfort, and prevent infection. Plaintiff further contends that he suffers pain and sometimes even blacks out when he is denied the shower and ice treatments. In addition, Plaintiff points out that doctors have prescribed the treatments in conjunction with his chemotherapy; he asserts that Defendants do not have the medical expertise to second-guess his health care providers. Because Plaintiff describes an arguably serious medical problem, the objective component is satisfied.

Plaintiff has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, a plaintiff must allege that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Here, Plaintiff alleges that Defendant Kerl has explicitly stated that she did not believe in medical shower permits and would not honor them, and that Defendants Ramos and Shaw have ignored letters, grievances, and even directives from the Administrative Review Board confirming the general necessity of Plaintiff's prescribed treatments. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), as well as the refusal to provide pain medication prescribed by a doctor. *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999); *see also Gil v. Reed*, 381F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute compensable harm).

As noted above, the Court must accept Plaintiff's well-pled allegations as true for purposes of the motion to dismiss. Defendants argue that Plaintiff cites only one specific date where he was prevented from showering; however, Defendants mischaracterize Plaintiff's allegations. If Defendants regularly denied Plaintiff ice and showers, they may be liable for his pain and suffering, assuming Plaintiff can establish that his need for the treatments was "serious" for purposes of Eighth Amendment analysis.

Of course, if Plaintiff is, in fact, complaining of "an isolated occasion or two" where he did not receive prompt treatment, then he may not be entitled to recovery, depending on the severity of the consequences. *See, e.g., Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). However, Plaintiff's allegations are sufficient to state a claim against Defendants for deliberate indifference. The record will require further development concerning the gravity of Plaintiff's need for ice packs and showers, the frequency of the alleged denials of these treatments, and the reasons why the treatments were suspended or denied on any given date.

In sum, the amended complaint survives scrutiny under Fed. R. Civ. P. 12(b)(6). As such, Defendants' motion to dismiss the amended complaint for failure to state a claim is denied. This order is not intended to discourage either party from filing a properly supported motion for summary judgment. This case is referred to Magistrate Judge Susan E. Cox for the purpose of exploring whether this case may be an appropriate candidate for the court's Settlement Assistance Program for Pro Se Litigants.